932 F.2d 981
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Frederick W. KANTOR.
 No. 91-1083.
 United States Court of Appeals, Federal Circuit.
 April 16, 1991.
Rehearing Denied May 16, 1991.
Suggestion for Rehearing In Banc Declined May 29, 1991.
 
 Before RICH, MAYER and CLEVENGER, Circuit Judges.
 DECISION
 RICH, Circuit Judge.
 
 
 1
 Kantor appeals from the May 31, 1990 decision of the Patent and Trademark Office Board of Patent Appeals and Interferences (Board), Appeal No. 89-0310, affirming the rejection of claims 58-65 in application Serial No. 790,755 as being unpatentable under 35 USC 103. We affirm.
 
 OPINION
 
 2
 We agree with the Board's analysis in this case. Independent claims 58 and 59 have basically two structural limitations: a flexible conduit and a "stiffening means" (claim 58) or "damping means" (claim 59). Nylon is a material specifically mentioned in Kantor's application as being a suitable reinforcing material, and thus falls within the scope of the claimed "stiffening means" and "damping means." The Conner reference teaches a flexible wall conduit which can be made up of various materials, including, as stated at column 5, lines 59-63, rubber coated nylon cloth. The Logan reference teaches the general concept of constructing a hose with stiffening fibers. Since the prior art teaches a conduit which meets the structural limitations of the claims, it is presumed that that prior art conduit also meets the functional requirements of the claim, specifically, "dynamic stability" and avoidance of wave amplification (either by establishing a velocity of wave propagation in the conduit wall greater than that of the fluid within the conduit (claim 58) or by absorbing the energy of distortions of the conduit wall (claim 59)). The Board correctly placed the burden of proof on Kantor to show that the prior art conduit did not, in fact, meet these limitations. Since Kantor presented no evidence to the contrary, the Board correctly rejected Kantor's claims under 35 USC 103 as being directed to obvious subject matter.